Darren J. Quinn (149679)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: 858-509-9401

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TWD, LLC, a California limited liability company,

Plaintiff,

v.

GRUNT STYLE LLC, an Illinois limited liability company,

Defendant.

CASE NO. **18-cv-00532-GPC-BLM**

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, TRANSFER OR DISMISS**

Plaintiff TWD, LLC ("TWD") submits the opposition to the motion to stay, transfer or dismiss by defendant Grunt Style, LLC("GRUNT STYLE").

## I. THE FIRST-FILED RULE DOES NOT REQUIRE THIS TO STAY, DISMISS OR TRANSFER THIS SECOND FILED CALIFORNIA ACTION

### A. First-Filed Rule

The first-filed rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979).

The Illinois Action asserting GS's anticipatory declaratory relief claims was filed two business days before TWD filed the instant California Action for trademark infringement. Notwithstanding, the court has discretion to treat TWD's California Action as the "first-filed action" because GS's Illinois Action was anticipatory. *See Zerez Holdings Corp. v. Tarpon Bay Partners, LLC*, 2018 U.S. Dist. LEXIS 6146, at *19 (E.D. Cal. Jan. 11, 2018) ("in exercise of its discretion, the Court will treat the Connecticut Action as first-filed for the remainder of this Order").

GS's Illinois Action and TWD's California Action share some similar legal issues as they both concern the parties' respective use of GS's registered mark "THIS WE'LL DEFEND." TWD's California Action raises an additional legal issue of defendant GS's use of "®" adjacent to marks not federally registered. [Dkt 1 (Complaint)].

The parties to the Illinois Action and California Action are identical – TWD and GS.

### B. Exceptions To The First Filed Rule Apply

Importantly, the Ninth Circuit and the Supreme Court recognized that "'wise

judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel [*628] rigid mechanical solution of such problems.'" *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 627-28 (9th Cir. 1991) *quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (citations omitted).

An anticipatory suit has aspects of forum shopping and bad faith. "'Anticipatory suits are disfavored because they are aspects of forum-shopping.'" *Alltrade, Inc*, 946 F.2d at 628 *quoting Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983). "'Anticipatory suits . . . are viewed with disfavor as examples of forum shopping and gamesmanship.'" *Zerez Holdings Corp.*, 2018 U.S. Dist. LEXIS 6146 at *18 *quoting Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006).

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Z-Line Designs, Inc. v. Bell'O Int'l Ltd. Liab. Co.*, 218 F.R.D. 663, 665-67 (N.D. Cal. 2003). "'Generally, a suit is anticipatory when the plaintiff files suit upon receipt of specific, concrete indications that a suit by the defendant is imminent.'" *Zerez Holdings Corp.*, 2018 U.S. Dist. LEXIS 6146 at *6 (citation omitted). *See Williamson v. Am. Mastiff Breeders Council*, 2009 U.S. Dist. LEXIS 53974, at *9 -*10 (D. Nev. Mar. 6, 2009) (same).

In the instant case, plaintiff TWD's cease and desist letter gave defendant GS specific, concrete indications that a suit by TWD was imminent. First, TWD's cease and desist letter is 71 pages, including screen shots of specific products TWD claims were being willfully infringed. [Dkt. 4-5 (C&D letter)]. Second, TWD's cease and desist letter made repeated references to litigation in court:

> Because the USPTO informed GS that trademark use of "THIS WE'LL DEFEND" creates a likelihood of confusion, ***TWD is also likely to recover exceptional case attorney fees under 35 U.S.C. §1117(a)***.

> ***A court is also likely to order equitable relief against GS***, such as preliminary or permanent injunctive relief under 35 U.S.C. §1116 and destruction of infringing articles under 35 U.S.C. §1118.

[Dkt. 4-5 (C&D letter), at pdf 3 (emphasis added)]. Third, TWD expressly stated: "litigation against GS is likely" in the context of GS preserving evidence for a court action.

> ***Because litigation against GS is likely, GS must preserve evidence that GS knows or reasonably should know is relevant to the action***. Relevant documents may include emails and other electronic files. GS must suspend any routine document retention policy and put in place a "litigation hold" to ensure the preservation of relevant documents. GS needs to communicate the obligation to preserve documents to employees in possession of discoverable materials. ***A court*** can impose monetary or evidence sanctions if evidence is destroyed or not preserved. *See e.g. Small v. Univ. Med. Ctr. of S. Nev.*, 2014 U.S. Dist. LEXIS 114406 (D. Nev. Aug. 18, 2014).

[Dkt. 4-5 (C&D letter), at pdf 3 (emphasis added)]. Fourth, TWD provided a concrete deadline of Friday, March 9, 2018.

> Please contact me no later than ***Friday, March 9, 2018*** with respect to GS's intentions in this infringement matter.

[Dkt. 4-5 (C&D letter), at pdf 3 (emphasis in original)]. There is no doubt that GS knew that infringement litigation was imminent based upon this deadline. *See Green Planet Inc. v. Int'l IP Holdings LLC*, 2013 U.S. Dist. LEXIS 198059, at *9 (C.D. Cal. Nov. 25, 2013) (suit anticipatory where letter states "[i]f you share our client's desire to avoid litigation, please contact me within fourteen (14) days to confirm your intention to comply with these conditions.") (collecting cases).

In response, defendant GS raced to file the Illinois Action asserting primarily declaratory relief claims on the ***Friday, March 9, 2018*** deadline. Courts acknowledge that the first-filed rule does not condone a race to the courthouse and depriving a would be plaintiff from its choice of forum.

> As a number of district courts in this Circuit have acknowledged, "by recognizing this exception to the first-to-file rule, ***courts seek to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum***." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998). Put another way, "***[t]he anticipatory suit exception is rooted in a concern that a [would be] plaintiff should not be deprived of its traditional choice of forum because a [would be] defendant with notice of an***

> ***impending suit first files a declaratory relief action over the same issue in another forum***." *Inherent.com*, 420 F. Supp. 2d at 1097 (internal quotation mark omitted).

*Zerez Holdings Corp.*, 2018 U.S. Dist. LEXIS 6146, at *18-19 (emphasis added) "Generally, '[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse." *Liberty Surplus Ins. Corp. v. Perma-Pipe, Inc.*, 2013 U.S. Dist. LEXIS 121216, at *13 (N.D. Cal. Aug. 26, 2013) *quoting Z-Line Designs*, 218 F.R.D. at 665 (internal quotation omitted). *See also Ivera Med. Corp. v. Hospira, Inc.*, 2014 U.S. Dist. LEXIS 188772, at *6 (S.D. Cal. Sep. 16, 2014) ("'[T]he first-filed rule is not intended to create a race to the courthouse.'") *quoting Aurora Corp. of Am. v. Fellowes*, 2008 U.S. Dist. LEXIS 24518, 2008 WL 709198, at *1 (C.D. Cal. Oct. 11, 2013); *Sur La Table, Inc. v. Sambonet Paderno Industrie, S.P.A.*, 2015 U.S. Dist. LEXIS 39605, at *10 (W.D. Wash. Mar. 27, 2015) ("Sur La Table's rush to file the action here, before even attempting to discuss a possible resolution with Sambonet, makes this action an improper anticipatory suit.").

Defendant GS's assertion of claims in addition to its declaratory relief claims nullifies the anticipatory action exception to the first filed rule. In *Williamson*, the court rejected "defendants' argument that ***only*** when first-filed suits seek declaratory relief are they subject to the anticipatory suit exception to the first-to-file rule." 2009 U.S. Dist. LEXIS 53974, at *13 (emphasis added)). "***A district court may find an anticipatory suit exception even when the first-filed suit does not seek declaratory relief.***" 2009 U.S. Dist. LEXIS 53974, at *13-14 (citations omitted,emphasis added).

Granting defendant GS's motion under the first-filed rule encourages litigation and discourages settlement. The court *Z-Line Designs, Inc* explains: "Application of the first to file rule in such [anticipatory suit] situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with an alleged infringer." 218 F.R.D. at 665. "'Potential plaintiffs should be encouraged to attempt settlement discussions… prior to filing lawsuits
without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before the plaintiff files a complaint.'" *Z-Line Designs, Inc*, 218 F.R.D. 663, 666-67 *quoting Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992).

In short, the facts and law overwhelmingly support this court departing from the first-filed rule.

**C. The Relevant Factors Do Not Favor Transfer Of The California Action to Illinois**

"Finally, '[a] court may relax the 'first-to-file' rule if the balance of convenience weighs in favor of the later filed action.'" *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1384 (S.D. Cal. 2014) *quoting Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).

"Title 28 U.S.C. §1404(a) provides that, '[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" *Youngevity Int'l, Inc.*, 42 F. Supp. 3d at 1384 *quoting* 28 U.S.C. §1404(a).

Although the Ninth Circuit in *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) noted "normally the forum *non conveniens* argument should be addressed to the court in the first-filed action," courts have discretion to weigh the §1404 factors where the first-filed suit is anticipatory. In *Zerez Holdings Corp.*, 2018 U.S. Dist. LEXIS 6146, at *19, the Connecticut Action was the second-filed action, but "in exercise of its discretion, the Court will treat the Connecticut Action as first-filed for the remainder of this Order" because the earlier suit was an anticipatory filing.

As the moving part, defendant GS "bears the burden of proving that the case should be transferred." *Blumenthal Distrib. v. Herman Miller, Inc.*, 2015 U.S. Dist. LEXIS 187134, at *16 (C.D. Cal. Mar. 30, 2015) *citing Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

"To meet this burden, that party must demonstrate that both private and public

interests favor a transfer and overcome the choice of forum made by the non-moving party. In Jones, the Ninth Circuit set forth ten factors that district courts may consider in determining whether the moving party has met its burden: (1) the location where the relevant agreements were negotiated and executed; (2) the District that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective contacts with the forum of the moving and non-moving party; (5) contacts relating to plaintiff's cause of action that are present in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof in each forum; (9) the presence of a forum selection clause; and (10) any applicable public policy of the forum state." *Blumenthal Distrib*, 2015 U.S. Dist. LEXIS 187134, at *16 *citing Jones*, 211 F.3d at 498-499.

**1. "the location where the relevant agreements were negotiated and executed" - Not Applicable**

The first *Jones* factor is inapplicable.

**2. "the District that is most familiar with the governing law" - Neutral**

The parties agree the second *Jones* factor is neutral. [Dkt. 4-1 (D. Brf.), at 9]

**3. "the plaintiff's choice of forum" - Favors TWD**

Plaintiff TWD's choice of forum favors this third *Jones* factor. Bauer Decl., ¶3.

Defendant GS misapplies this factor because GS is the defendant and the moving party.

**4. "the respective contacts with the forum of the moving and non-moving party"**

This fourth *Jones* factor favors Plaintiff TWD or is neutral.

Plaintiff TWD is California limited liability company based in California. All of Plaintiff TWD's assets are in California. Tim Bauer is plaintiff TWD's primary employee, and he resides in California. Mr. Bauer conducts plaintiff TWD's day to day operations in California. Most of plaintiff TWD's sales are in California. Bauer

Decl., ¶2.

Plaintiff TWD has no assets in Illinois. Plaintiff TWD has no employees in Illinois. Plaintiff TWD has never sent anyone to travel in Illinois. Plaintiff estimates that plaintiff TWD shipped less than 50 orders to consumers in Illinois in 2017. Bauer Decl., ¶5.

**5. "contacts relating to plaintiff's cause of action that are present in the chosen forum"**

Plaintiff is based in California (Bauer Decl., ¶2), so Plaintiff's harm is in California.

On January 7, 2016, the Trademark Office in an Office Action gave notice to defendant GS that: (1) Plaintiff TWD owned the registered word mark "THIS WE'LL DEFEND" (Reg. No. 4880766); (2) Plaintiff TWD resided in California; and (3) "Confusion is likely" from defendant GS's use of "THIS WE'LL DEFEND" as a word mark on clothing. Quinn Decl., Ex. A.

On August 4, 2016, the Trademark Office filed a Notice of Abandonment with respect to GS's trademark application for the mark "THIS WE'LL DEFEND." Quinn Decl., Ex. B.

**6. "the differences in the costs of litigation in the two forums"**

This sixth *Jones* factor weights heavily in favor of plaintiff TWD.

This California court is much more convenient and less expensive for Plaintiff TWD to attend settlement conferences or attend trial than the Illinois court. Mr. Bauer can drive to this California court but would have to fly to the Illinois court at much greater expense. Plaintiff TWD would also have to fly its attorney Darren Quinn to Illinois. Plaintiff TWD would also have to pay local counsel on an hourly basis in Illinois, so attorney Quinn could represent plaintiff TWD. Bauer Decl., ¶4.

Defendant GS has revenues of over $100 million. Quinn Decl., Ex. C. Defendant GS states it has over 100 employees, so GS's business would not stop if a few of them were required to testify in California. Plaintiff TWD's business on the

other hand would effectively stop. Bauer Decl., ¶2.

**7. "the availability of compulsory process to compel attendance of unwilling non-party witnesses"**

This seventh *Jones* factor is neutral. Plaintiff TWD is unaware of any non-party witnesses who have relevant testimony in this case.

There are no non-party witnesses with relevant testimony to this case. Plaintiff owns the registered mark. Defendant GS infringed it.

**8. "the ease of access to sources of proof in each forum"**

This eighth *Jones* factor is neutral.

**9. "the presence of a forum selection clause" - Not Applicable**

This ninth *Jones* factor is inapplicable.

**10. "any applicable public policy of the forum state"**

The tenth *Jones* is neutral.

## II. PLAINTIFF'S SECOND CAUSE OF ACTION FOR VIOLATION OF 15 U.S.C. §1125(a) IS SUFFICIENT

Section 1125(a) "'protects against infringement of unregistered marks and trade dress as well as registered marks.'" *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014) *citing Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.8 (9th Cir. 1999); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).

Defendant GS's motion implicitly conceded that plaintiff GS's first cause of action for infringement of plaintiff's registered mark in violation of 15 U.S.C. §1114 is sufficient. Defendant GS fails to appreciate that 42 of the Complaint incorporates the previous paragraphs.

Defendant improper use "®" adjacent to marks not federally registered is actionable under 15 U.S.C. §1125(a). In *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 460 (S.D.N.Y. 2012) the court explained:

> Majestic argues that adding count III, for false advertising under the Lanham Act, would be futile, because it is in fact a claim of trademark misuse that is improperly cast as a claim for false advertising under the Lanham Act. The Court disagrees. ***The mere fact that Majestic's continued production and dissemination of materials displaying the ® symbol after Majestic's registration expired can be the basis for a claim of trademark misuse under the Lanham Act does not prevent Perfect from also basing a claim of false advertising upon it.*** As the noted scholar J. Thomas McCarthy, whom both parties cite as authoritative, has opined, ***the "use of . . . the ® adjacent a mark not federally registered is . . . a form of false advertising which may result in serious repercussions.***" 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 19:146 (4th ed. 2011). ***And the Lanham Act clearly creates a cause of action for false advertising***. *See, e.g., Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007); *Erchonia Corp. v. Bissoon*, 410 F. App'x 416, 419 (2d Cir. 2011) [**15] (summary order); *L. & J.G. Stickley, Inc. v. Cosser*, 255 F. App'x 541, 541 (2d Cir. 2007) (summary order).

(Emphasis added).

## III.  CONCLUSION

Defendant GS's motion to dismiss, transfer or stay should be denied.

Dated: April 30, 2018.

                                        Respectfully submitted,

                                        LAW OFFICES OF DARREN J. QUINN
                                        DARREN J. QUINN

                                           s/s/ Darren J. Quinn
                                            Darren J. Quinn

                                        12702 Via Cortina, Suite 105
                                        Del Mar, CA 92014
                                        Telephone: 858-509-9401

                                        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that all counsel of record are being served with a copy of the following documents via the Court's CM/ECF system.

– **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, TRANSFER OR DISMISS**

– **DECLARATION OF TIM BAUER IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, TRANSFER OR DISMISS**

– **DECLARATION OF DARREN J. QUINN IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, TRANSFER OR DISMISS**

/s/ Darren J. Quinn
DARREN J. QUINN