UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWD, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Defendant. | Case No.: 18-cv-532-GPC-BLM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF ILLINOIS**<br><br>**[DKT. NO. 12.]** |

Before the Court is Plaintiff TWD, LLC's ("TWD") Motion for Reconsideration of the Court's Order Transferring this Case to the Northern District of Illinois. Dkt. No. 12. Defendant Grunt Style LLC ("Grunt Style") filed an opposition on July 5, 2018. Dkt. No. 15. Defendant filed a reply on July 12, 2018, concurrently with the declaration of Darren J. Quinn. Dkt. No. 17. Both parties have filed requests for judicial notice of public documents filed in the Illinois Action.[1] Dkt. Nos. 12-2 and 16.

---

[1] The Court will take judicial notice of the public documents filed in the Illinois Action. As these are court documents filed in the public record, the Court will take judicial notice of these pleadings under Federal Rule of Evid. 201(b). *See Perkins v. LinkedIn Corporation*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("court documents already in the public record and documents filed in other courts" are proper subjects of judicial notice); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6

1

18-cv-532-GPC-BLM

The Court deems this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for reconsideration.

I.  **Motion for Reconsideration Standard**

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previously entered order. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The term "judgment" as used in the Federal Rules of Civil Procedure includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

Generally, reconsideration of a prior order is appropriate only if the district court is (1) presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Whether to grant or deny a motion for reconsideration is committed to the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party may not raise new arguments or present new evidence if it could have raised them

---

(9th Cir.2006) (taking judicial notice of pleadings, memoranda, and other court filings). The Court observes that there is a pending motion to stay, transfer, or dismiss in the Northern District of Illinois filed by TWD. *See* RJN, Dkt. No. 10, Exs. 1-2.

earlier in the litigation. *Kona Enters.*, 229 F.3d at 890.

Reconsideration motions are not intended to give parties a "second bite at the apple." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). Neither are they devices permitting the unsuccessful party to "rehash" arguments previously presented. *Id*. As another Court in this district has stated, significant policy rationales of judicial economy caution against the exercise of motions for reconsideration:

> In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become de rigueur to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3 (S.D. Cal. Apr. 10, 2007).

### A. Affidavit Requirement

As a threshold matter, Grunt Style contends that Plaintiff has failed to follow the local rules, which require that any application for reconsideration be filed with a "certified statement of an attorney setting forth . . . (1) when and to what judge the

application was made; (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Local Rule 7.1(i)(1). Plaintiff subsequently filed an affidavit to support reconsideration of the transfer rulings concurrently with its reply brief. *See* Dkt. No. 17-1 at 1.[2] Accordingly, the Court will address the merits of Plaintiff's reconsideration motion.

### B. Clear Error

Plaintiff's primary argument is that this Court has committed clear error by making a determination under 28 U.S.C. § 1404 that convenience factors weighed in favor of transfer to the Northern District of Illinois. Plaintiff has not raised any newly discovered evidence or intervening change of the law and asserts only that this Court committed clear error. Citing *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 628 (9th Cir. 1991), Plaintiff argues that the Ninth Circuit has held that the first-filed court should determine the respective convenience of the two courts. Further, Plaintiff also raises this passage from *Pacesetter v. Medtronic, Inc.*:

> In appropriate cases, it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses . . . . However, normally the forum non conveniens argument should be addressed to the court in the court in the first filed action . . . The court in the second-filed action is not required to duplicate this inquiry, although the convenience of the parties and witnesses may play a part in the decision.

678 F.2d 93, 96 (9th Cir. 1982).

Relying on *Alltrade and Pacesetter*, several second-filed Courts have stayed transfer determinations pending determinations of convenience being considered by the first-filed

---

[2] Plaintiff asserts that he interpreted Local Rule 7.1(i)(1)'s affidavit requirement to not apply to his motion for reconsideration because Grunt Style, not TWD, moved for the operative motion to stay, transfer, or dismiss. Because Plaintiff has now filed an affidavit asserting that it requests reconsideration on the basis of clear error and manifest injustice, the Court need not address this argument.

4

court. *See, e.g., 3D4Medical Ltd. v. Orca Health, Inc.*, 2017 U.S. Dist. LEXIS 110733, at *8 n.6 (S.D. Cal. July 17, 2017); *Power Integrations Inc. v. On Semiconductor Corp.*, 2017 U.S. Dist. LEXIS 40830, at *6-7 (N.D. Cal. Mar. 21, 2017).

While the Court recognizes this case law, the Court will decline to grant reconsideration to Plaintiff for the following reasons. First, *Pacesetter and Alltrade* take place in the context of consideration of convenience factors for the purpose of determining whether to decline jurisdiction under the first-to-file rule. Here, in contrast, the Court considered a specific request to transfer the case, made in the alternative, directly under 28 U.S.C. § 1404. *See* Dkt. No. 4-1 at 12-13. Next, Plaintiff explicitly requested that this Court consider the Section 1404 convenience factors. Plaintiff's opposition reads:

> Although the Ninth Circuit in *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) noted "normally the forum *non conveniens* argument should be addressed to the court in the first-filed action," *courts have discretion to weigh the § 1404 factors where the first-filed suit is anticipatory*. In *Zerez Holdings Corp.*, 2018 U.S. Dist. LEXIS 6146, at *19, the Connecticut Action was the second-filed action, but "in exercise of its discretion, the Court will treat the Connecticut Action as first-filed for the remainder of this Order" because the earlier suit was an anticipatory filing.

Dkt. No. 8 at 6 (emphasis added). Rather than oppose the transfer request on the grounds that the Illinois Court should make the initial convenience determination, Plaintiff specifically requested that this Court engage in the 28 U.S.C. § 1404(a) convenience analysis and argued that the factors weighed in favor of maintaining the case in California. *See* Dkt. No. 8 at 6. Moreover, Plaintiff's opposition to Defendant's Motion to Stay, Transfer, or Dismiss specifically requested that the Court treat the California Action as the "first-filed action" because the Illinois Action was anticipatory. Dkt. No. 8 at 2. The Court did so and found that Illinois Action to be an anticipatory suit constituting an exception to the first-to-file rule.

Moreover, the Court does not find its decision to transfer to Illinois to be *clearly* erroneous because the Ninth Circuit case law does not explicitly forbid a second-filed court

5

from engaging in a 28 U.S.C. § 1404 transfer analysis. Indeed, in *Williamson v. American Mastiff Breeders Council*, 2009 WL 634231, at *8 (D. Nev. 2009), the second-filed district court in Nevada—after similarly finding the first-filed suit anticipatory—engaged in a Section 1404(a) transfer analysis and ultimately transferred the case to the first-filed court in Ohio. Moreover, the case law cited by Plaintiff only indicates that a second-filed court *usually* would not engage in a convenience analysis, not that it cannot do so. *See 3D4Medical, Ltd.*, 2017 U.S. Dist. LEXIS 110733, at *8 n.6 ("Because consideration of the respective two courts is *typically* addressed by the court in the first-filed action, the Court declines to address [convenience].") (emphasis added); *IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*, 2016 U.S. Dist. LEXIS 115240, at *14 (D. Or. Aug. 29, 2016) ("As Defendants correctly observe, however, such convenience arguments *need not be* addressed by the court in the second-filed action.") (emphasis added). *Pacesetter* similarly supports this conclusion—"In *appropriate cases*, it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." 678 F.2d at 96 (emphasis added). Accordingly, the Court concludes that its prior finding that the first-filed Illinois Action was anticipatory qualifies this action to be an "appropriate case[]" allowing for a second-filed court to engage in a convenience analysis under Section 1404(a). Consequently, the Court's transfer order was not clearly erroneous.

Finally, the relief requested by Plaintiff—to vacate the transfer order and stay the transfer decision pending a determination by the Illinois Court—is not cognizable on a motion for reconsideration. A "motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could have reasonably have been raised earlier in the litigation." *Fay Avenue Properties, LLC v. Travelers Property Casualty Co. of America.*, 2014 WL 6980248, at *2. Plaintiff could have raised its request to stay a transfer determination in its opposition, but did not do so. While Plaintiff cited *Pacesetter*, it did not request—in the event that the Court were to decide to transfer to

Illinois—to stay the case to allow the Illinois Court to perform the transfer analysis in the first instance despite the fact that Defendant's motion was titled as a "Motion to Stay, Transfer, or Dismiss." Accordingly, the Court will also deny the request for reconsideration because this argument could have been raised earlier in the litigation. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (motion for reconsideration may not be used to "raise arguments . . . for the first time when they could have reasonably been raised earlier in the litigation.").

Because it was not clearly erroneous for the Court to have engaged in the 28 U.S.C. § 1404(a) analysis and because Plaintiff did not previously request that the Illinois Court perform the convenience analysis in the first instance in its prior opposition briefing, the Court will **DENY** Defendant's Motion for Reconsideration.[3]

## CONCLUSION

Plaintiff's Motion for Reconsideration is **DENIED.** The hearing currently set for August 10, 2018 is **VACATED**. This case shall remain administratively closed.

**IT IS SO ORDERED.**

Dated: July 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] Plaintiff raises the possibility that the Northern District of Illinois Court could find that it does not have personal jurisdiction over TWD—Defendant in the Illinois Action—and that this would constitute a manifest injustice as the Illinois Action could be transferred to California and the California Action would have been transferred to Illinois. In the event that the Northern District of Illinois finds that it lacks personal jurisdiction over TWD, Plaintiff may renew their request for reconsideration of this Court's transfer determination at that time.

7